UNITED STATES DISTRICT COURT
WESTERN DISTRICT MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMIE DODSON | ) |
|     Plaintiff, | ) |
| v. | )   Case No. |
| GC SERVICES, LP | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JAMIE DODSON ("Plaintiff"), through her attorneys, Price Law Group, APC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Springfield, Greene County, Missouri.

1

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Houston, Harris County, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Missouri.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around October 2012, Defendant began placing collection calls to Plaintiff.

19. Defendant calls Plaintiff on Plaintiff's cellular telephone at 417-840-73xx in an attempt to collect the alleged debt.

20. Within the least year, Plaintiff answered several of Defendant's calls placed to Plaintiff's cell phone.

21. On multiple occasions, Defendant's collectors have demanded immediate payment of the alleged debt.

22. In an attempt to obtain immediate payment, Defendant's collectors have repeatedly threatened to garnish Plaintiff's wages and tax returns.

23. Defendant's collectors have also threatened to pursue legal action against Plaintiff for her nonpayment.

24. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

25. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

27. Defendant's collectors also call Plaintiff's work phone at 417-864-56xx in an attempt to collect on the alleged debt.

28. When Plaintiff spoke with one of Defendant's collectors who called Plaintiff's work telephone, Plaintiff explicitly requested that Defendant stop calling Plaintiff's place of work.

29. Despite Plaintiff's repeated requests for Defendant to stop calling Plaintiff at work, Defendant continues to place collection calls to Plaintiff's work telephone.

30. On a few occasions, Defendant's collectors have left voicemail messages on Plaintiff's cell phone.

31. Defendant's collectors that left Plaintiff voicemail messages were working within the scope of the collectors' employment when they communicated with Plaintiff in an attempt to collect a debt.

32. Defendant's collectors that left Plaintiff voicemail messages did not state that the communication with Plaintiff was an attempt to collect a debt.

33. Defendant's collectors that left Plaintiff voicemail messages are familiar with the FDCPA.

34. Defendant's collectors that left Plaintiff voicemail message know the FDCPA requires debt collectors to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors continued to call Plaintiff's work phone after Plaintiff repeatedly requested that Defendant stop calling her work;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant repeatedly placed collection calls to both Plaintiff's cell phone and work phone;

    c. Defendant violated §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment or any person or the seizure, garnishment, attachment, or sale of any property or wages of any

4

person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors repeatedly threatened to garnish Plaintiff's wages and taxes;

d. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or that is not intended to be taken when Defendant's collectors threatened to pursue legal action against Plaintiff; and

e. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the debt collector is attempting to collect a debt when Defendant's collectors who left voicemail messages on Plaintiff's cell phone failed to disclose that the communication was for the purpose of collecting a debt.

WHEREFORE, Plaintiff, JAMIE DODSON, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 29, 2014

By: /s/Mark D. Molner, Esq.
Mark D. Molner, Esq. (SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)205-2730
mark@pricelawgroup.com